**Janet WOOLER, Appellant**

v.

**CITIZENS BANK.**

No. 07–1035.

United States Court of Appeals, Third Circuit.

Submitted pursuant to LAR 34.1(a) March 10, 2008.

Filed: April 2, 2008.

Donald P. Russo, Bethlehem, PA, for Appellant.

Jeffrey A. Lutsky, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Citizens Bank.

Before: FUENTES, CHAGARES, and ALDISERT, Circuit Judges.

## OPINION

FUENTES, Circuit Judge:

Janet Wooler ("Wooler") appeals from the final order entered on November 30, 2006, 2006 WL 3484375, in which the District Court granted Defendant Citizens Bank's motion for summary judgment. Wooler argues that the District Court erred in finding that there was no genuine issue of material fact to support her claims of age and gender discrimination. Finding that the record fully supports the District Court's findings of fact and law, we affirm.

## I.

Between November 2001 and January 2005, Wooler—a woman who was 52 years of age in January of 2005—worked as the Assistant Branch Manager at Citizens Bank's Doylestown, Pennsylvania branch. After receiving several negative evaluations for her performance, Wooler was fired in January 2005. At the time she was fired, Wooler was serving as the acting Branch Manager; that position was

soon filled by a 56–year old woman. In April 2005, the bank transferred a 29–year old man into the position of Assistant Branch Manager.

Wooler sued Citizens Bank, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and gender discrimination in violation of Title VII of the Civil Rights Act of 1964. With respect to the age discrimination claim, she argued that her supervisor made two off-color remarks: 1) stating in front of the staff at another employee's fortieth birthday that he and Wooler were too old to remember their fortieth birthdays; and 2) asking Wooler whether she had Alzheimer's disease when she could not locate a form on a customer account. Moreover, Wooler alleged that she was subjected to gender discrimination because other similarly situated male employees were treated more favorably and because she was eventually replaced by a male employee.

In granting Citizens Bank's motion for summary judgment, the District Court found that though Wooler made a prima facie case for age discrimination, Citizens Bank had a legitimate, nondiscriminatory reason for terminating her given the poor performance evaluations she had received. In addition, the District Court found that Wooler failed to establish a prima facie case for gender discrimination because she did not present any evidence that similarly situated males were treated differently, or any other evidence giving rise to an inference of discrimination. Finally, the District Court found that Wooler could not sustain a retaliation claim because she did not establish a causal link between her complaint about her supervisor's comments and her termination.

Wooler filed a timely notice of appeal on December 29, 2006, arguing that the District Court erred in granting Citizens Bank's motion for summary judgment.

## II.

We have jurisdiction under 28 U.S.C. § 1291. The District Court had federal question jurisdiction over Wooler's age and gender discrimination claims under 28 U.S.C. § 1331.

We exercise plenary review over a district court's grant of summary judgment, applying the same standard of review that the district court should have applied. *See MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir.2005). A court may grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When the nonmoving party bears the burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion at trial. A nonmoving party creates a genuine issue of material fact when it provides evidence such that a reasonable jury could return a verdict for the nonmoving party." *Lawrence v. National Westminster Bank N.J.*, 98 F.3d 61, 69 (3d Cir.1996) (internal citations omitted). "At summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir.2000).

## III.

### A.

Under the ADEA, a plaintiff may establish a prima facie case of age discrimination by demonstrating that she: (1) was a member of a protected class, i.e., that she was over forty, (2) was qualified for the position, (3) suffered an adverse employment decision, and (4) was ultimately re-

placed by a person sufficiently younger to permit an inference of age discrimination. *Duffy v. Paper Magic Group, Inc.,* 265 F.3d 163, 167 (3d Cir.2001). Once a prima facie case is established, there is an inference of unlawful discrimination and the burden of proof then shifts to the employer who can dispel the inference by articulating a legitimate, nondiscriminatory reason for its actions. *See id.* at 167 n. 1. If the employer meets this burden, then the employee must demonstrate by a preponderance of the evidence that the articulated reasons were a pretext for discrimination. *See id.* Here, the District Court properly found that though Wooler established a prima facie case, there was a legitimate, nondiscriminatory reason for Wooler's firing—her poor performance.

 Wooler argues that the reason provided for her dismissal was pretextual, as her work performance was positively evaluated until shortly before her termination. She further argues that the true reason for the termination was Citizens Bank's retaliation for her complaint regarding her supervisor's comments about her age. Citizens Bank responds that the supervisor in question left the bank four months before Wooler's termination and that the District Court was correct in finding that there was a legitimate, nondiscriminatory reason for Wooler's termination, given her deficient sales levels and two successive failed audits. Citizens Bank also notes that Wooler was disciplined along with four other employees after an internal audit and given a chance to improve her performance, even though one employee was terminated immediately. Since Wooler subsequently continued to fail to meet her sales standards, Citizens Bank argues, she was ultimately fired.

Based on a comprehensive review of the record, we agree with the District Court that Wooler "failed to establish a genuine issue of material fact with respect to her age discrimination claim" and that Citizens Bank therefore was entitled to summary judgment on this issue. App. at 9. Similarly, we agree with the District Court's finding that Wooler failed to demonstrate that Citizens Bank's proffered legitimate, nondiscriminatory reason for terminating her was mere pretext in retaliation for her complaint. App. at 15.

**B.**

To establish a prima facie case of gender discrimination under Title VII of the Civil Rights Act of 1964, the plaintiff must show that she: (1) was a member of the protected class; (2) was qualified for the job; and (3) suffered an adverse employment decision under circumstances that give rise to an inference of unlawful discrimination. *See Tx. Dep't of Comm. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the plaintiff establishes a prima facie case, the employer must proffer a legitimate, nondiscriminatory reason for the adverse employment decision. *See Goosby v. Johnson & Johnson Medical, Inc.,* 228 F.3d 313, 319 (3d Cir. 2000). If the employer provides such a reason, the burden of proof shifts to the plaintiff to demonstrate that the reason was merely a pretext for unlawful discrimination. *See id.*

██ Wooler argues that the District Court erred in finding that she did not establish a prima facie case of gender discrimination, because male employees were allowed to underperform without being disciplined in the same manner. Moreover, she claims that the supervisor who made off-color remarks about her age was never disciplined. However, the District Court correctly found that there was no prima facie case of gender discrimination, because Wooler failed to identify a similarly situated male who was treated more favorably. The record also shows that Wooler's supervisor was, in fact, disci-

plined for his remarks. Finally, Wooler's allegation could not constitute direct evidence of discrimination because the supervisor was not a decision-maker, and left the bank before the audits leading to Wooler's termination were conducted.

We therefore agree with the District Court that Wooler failed to provide any "evidence that similarly situated males were treated differently" or any "other evidence sufficient to give rise to an inference of discrimination" to establish a prima facie case of gender discrimination under Title VII. App. at 11.[1]

## IV.

For the foregoing reasons, we affirm the District Court's final order granting Defendant Citizens Bank's motion for summary judgment, entered on November 30, 2006.

---

1. Wooler's claims under the Pennsylvania Human Relations Act fail for the same reasons that her Title VII and ADEA claims fail.